IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN REIBER : | |
| : | |
| *and* : | |
| : | |
| HEATHER HUGHES : | |
| : | |
| *Plaintiffs* : | |
| v. : | |
| : | |
| P/O STEVEN FILLIPONE : | |
| (BADGE No 7145) : | JURY TRIAL DEMANDED |
| individually and as a Police Officer : | |
| for the City of Philadelphia; : | |
| : | CIVIL ACTION No. |
| P/O JOSE PEREZ : | |
| (BADGE No 4480) : | |
| individually and as a Police Officer : | |
| for the City of Philadelphia; : | |
| : | |
| PENTHOUSE CLUB @ PHILLY, d/b/a, : | |
| t/a, a/k/a 3001 Castor, Inc, d/b/a, t/a, a/k/a: | |
| Penthouse Club @ Philly, d/b/a, t/a, a/k/a : | |
| 3001 Castor Properties, LLC : | |
|        3001 Castor Ave. : | |
|        Philadelphia, PA 19134; : | |
| : | |
| P/O JOHN DOES 1-25; : | |
| : | |
| P/O JANE DOES 1-25; : | |
| : | |
| PENTHOUSE JOHN DOES 1-25 : | |
| : | |
| PENTHOUSE JANE DOES 1-25 : | |
| : | |
| *and* : | |
| : | |
| CITY OF PHILADELPHIA : | |
| : | |
| *Defendants* : | |

1

## COMPLAINT

### Jurisdiction

1. Plaintiffs bring this action pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code Sections 1331 and 1343 (a) (1), (3), and (4). Plaintiffs further invoke supplemental jurisdiction under 28 United States Code Section 1367 (a) to hear and decide claims under state law.

### Parties

2. Plaintiff, Helen Reiber, is an adult female who was at all material times a resident of Philadelphia, Pennsylvania.

3. Plaintiff, Heather Hughes, is an adult female who was at all material times a resident of Philadelphia, Pennsylvania. Plaintiff Hughes is Plaintiff Reiber's daughter.

4. Those Philadelphia Police Officers named as defendants in the instant matter -- Officer Steven Fillipone and Officer Jose Perez -- are and were at all times relevant to this action Officers of the Philadelphia Police Department. They are being sued in their individual capacity and in their capacity as Officers of the City of Philadelphia's Police Department.

5. Upon information and belief, Defendant Police Officers John Doe 1-25 and Jane Doe 1-25 were at all times relevant to this action Officers of the City of Philadelphia Police Department. Their identities are presently unknown. During the events described herein, all of these Defendant Police Officers were acting under color of state law. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia.

6. Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs and controls the City of Philadelphia Police Department.

7. Defendant Penthouse Club @ Philly, which does business as, trades as, is also known as, and is operating under entities known as, 3001 Castor, Inc., and 3001 Castor Properties, LLC, is an entity that is authorized to conduct business in the Commonwealth of Pennsylvania.

8. Upon information and belief, Defendant Penthouse John Does 1-25 and Defendant Penthouse Jane Does 1-25 were at all times relevant to this action employees of Defendant Penthouse Club. Their identities are presently unknown. They were acting both in the scope and course of his employment

## FACTS

9. In or around the late hours of November 17, 2013 and the early morning hours of November 18, 2013 around 12:00 A.M., after attending an Eagles game, Helen Reiber and Heather Hughes (hereinafter collectively referred to as "Plaintiffs") were at Defendant Penthouse Club, a self-described "Gentlemen's Club" where "the magazine comes to life" (presumably meaning Penthouse Magazine) located at 3001 Castor Ave, Philadelphia, Pennsylvania (hereinafter referred to as "club").

10. Plaintiffs were located inside the club and paid cash for two drinks from a waitress.

11. Thereafter, Plaintiff Hughes went to the ATM to withdraw cash with which she subsequently tipped dancers.

12. Before finishing their drinks, Plaintiffs were approached by unidentified club

3

employees working as security and asked to leave without explanation. Upon information and belief, it was due to the fact that Plaintiffs, who are female, did not fit the club's preferred customer profile: male.

13. Plaintiffs complied and left the club. Once outside, two police officers and several club employees approached Plaintiffs, and falsely accusing them of theft, claiming that Plaintiffs had not paid for their drinks.

14. Two police officers that approached Plaintiffs outside the club were later identified as Defendant Officers Jose Perez and Steven Fillipone.

15. Defendant Officers arrested Plaintiffs, who had not violated any laws of the Commonwealth of Pennsylvania or any other jurisdiction on the following false charges:

    a. Harassment, pursuant to 18 Pa. C.S. §2709; and

    b. Disorderly Conduct Engage in Fighting, pursuant to 18 Pa. C.S. §5503.

16. Plaintiffs repeatedly questioned Defendant Officers as to why they were being arrested, but they received no answer.

17. Plaintiffs were handcuffed and taken into custody at the 25th District, located at 3901 Whitaker Ave. Philadelphia, Pennsylvania 19134 and told to sit on benches along a cinderblock wall.

18. While in custody, and still handcuffed, Plaintiff Reiber informed Defendant Officer Fillipone that she was diabetic and needed to use the restroom. In response, Defendant Officer Fillipone told her to "shut the hell up." After Plaintiff Reiber protested this treatment, Defendant Officer Fillipone walked over to Plaintiff Reiber,

grabbed her by the shoulders and threw her into the corner of the wall against the bench, which resulted in a large laceration above her left eyebrow.

19. Defendant Officer Fillipone then ordered Plaintiff Reiber to "sit down and shut up, or I'll do it again." Plaintiff Reiber sat down as instructed, though she was bleeding profusely.

20. Plaintiff Hughes witnessed Defendant Officer Fillipone brutalize her mother in this manner, causing Plaintiff Hughes great anxiety and concern for the welfare of Plaintiff Reiber.

21. A female officer subsequently took Plaintiff Reiber to the restroom.

22. When she returned, Plaintiff Reiber again informed Defendant Officer Fillipone that she is type I diabetic, that she needed to test her blood sugar, and that her medicine was in her pocketbook, which was taken away from her at the time of arrest.

23. Defendant Officer Fillipone did not respond to Plaintiff Reiber's plea.

24. Approximately 20-30 minutes later two unidentified officers took Plaintiff Reiber to the Hospital for treatment.

25. At the hospital, Plaintiff Reiber's blood sugar was found to be in the 300's. She was given insulin.

26. Plaintiff Reiber was released from custody at 9:30 AM the following morning, causing her to miss work.

27. On release from custody, Plaintiff Reiber sought treatment for her facial laceration at a ready-care.

28. Plaintiff Hughes was taken to a cell while Plaintiff Reiber was taken to the bathroom, and released around 9:00 A.M. the following morning, causing her to miss work.

29. Plaintiffs' belongings that were taken from them at the time of arrest were never returned to them. These items include, but are not limited to, cell phones and pocketbooks.

30. The Defendant Officers gave false statements concerning the incident described in this complaint.

31. The Defendant Officers prepared and caused to be prepared police paperwork misrepresenting the events that led to the arrest of the Plaintiff for the incident described in this complaint. Those misrepresentations included, but were not limited to:

    a. that Plaintiffs attempted to skip out on their check;
    b. that Plaintiffs became combative towards Defendant Officers;
    c. that Plaintiff Reiber spit on Officer Perez's patrol jacket; and
    d. that Plaintiff Hughes spit into the face of Officer Fillipone.

32. The Defendant Officers, in anticipation of the charging of Plaintiffs, misrepresented the events that led to the arrest of the Plaintiffs. These misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to Plaintiffs' rights.

33. Each Plaintiff retained criminal counsel.

34. On or about January 30, 2014 the charges were dismissed with prejudice before the Honorable Joyce Eubanks.

35. As a direct and proximate result of the defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free

from excessive force, the right to be free from unlawful arrest, the right to be free from malicious prosecution, and the right to due process of law. Plaintiffs were similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

36. The actions and/or inactions of the Defendant Police Officers violated the clearly established federal constitutional rights of Plaintiffs to freedom from use of excessive, unreasonable, and unjustified force against his person, the right to be free from malicious prosecution, and the right to due process of law.

37. All actions taken by the Defendant Police Officers in this matter were taken under color of state law.

38. As a direct and proximate result of the actions and/or inactions of the Defendant Police Officers in this matter, Plaintiffs have suffered physical pain, loss of liberty, anxiety, fear, mental harm, loss of reputation and financial loss.

## COUNT I

### 42 U.S.C. § 1983
### Helen Reiber v. Defendant Officer Steven Fillipone
*Excessive Force*

39. All prior paragraphs are incorporated as though fully set forth herein.

40. Plaintiff Reiber was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendant Officer Fillipone in that he, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officer intentionally acted to cause a harmful and/or offensive contact with Plaintiff's person and such actions were the actual and

-
-

proximate cause of Plaintiffs' harm.

## COUNT II

### Supplemental State Law Claim
### Helen Reiber v. Defendant Officer Steven Fillipone
*Battery*

41. All prior paragraphs are incorporated as though fully set forth herein.

42. Plaintiff Reiber was damaged and injured as set forth above by Defendant Officer Fillipone in that he intentionally acted to cause a harmful and/or offensive contact with Plaintiff's person and such actions were the actual and proximate cause of Plaintiff's harm.

## COUNT III

### 42 U.S.C. § 1983
### Helen Reiber v. Defendant Officer Steven Fillipone
*Assault*

43. All prior paragraphs are incorporated as though fully set forth herein.

44. Plaintiff Reiber was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendant Officer in that he, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officer intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendant's actions were the actual and proximate cause of Plaintiffs' harm.

## COUNT IV

### Supplemental State Law Claim
### Helen Reiber v. Defendant Officer Steven Fillipone
*Assault*

45. All prior paragraphs are incorporated as though fully set forth herein.

46. Plaintiff Reiber was damaged and injured as set forth above by Defendant Officer Fillipone in that he intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendant's actions were the actual and proximate cause of Plaintiff's harm.

## COUNT V

### 42 U.S.C. § 1983
### Plaintiffs v. All Defendants
*Unlawful Arrest*

47. All prior paragraphs are incorporated as though fully set forth herein.

48. Plaintiffs were damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiffs' constitutional rights while acting under color of law. More specifically, Defendant Officers acted with the intent to arrest Plaintiff unlawfully, without probable cause, and against Plaintiffs' will, and such actions were the actual and proximate cause of Plaintiffs' confinement.

49. Defendant Club, through its employees acting in the course and scope of their employment, falsely provided police with information that Plaintiffs had committed crimes, thereby wrongfully causing their arrests.

## COUNT VI

### Supplemental State Law Claim
### Plaintiffs v. All Defendants
### *False Imprisonment*

50. All prior paragraphs are incorporated as though fully set forth herein.

51. Plaintiffs were damaged and injured as set forth above by Defendant Officers in that they acted with the intent to confine Plaintiffs unlawfully and against Plaintiffs' will, and such actions were the actual and proximate cause of Plaintiffs' confinement.

52. Defendant Club, through its employees acting in the course and scope of their employment, falsely provided police with information that Plaintiffs had committed crimes, thereby wrongfully causing their arrests.

## COUNT VII

### 42 U.S.C. § 1983
### Plaintiffs v. Defendant Officers
### *Malicious Prosecution*

53. All prior paragraphs are incorporated as though fully set forth herein.

54. Plaintiffs were damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiffs' constitutional rights while acting under color of law. More specifically, Defendant Officers seized and arrested Plaintiffs, and instituted criminal proceedings against Plaintiffs without probable cause and with malice. These proceedings terminated in favor of the Plaintiffs. Defendants' conduct was the direct and proximate cause of Plaintiffs' harm.

## COUNT VIII

### Supplemental State Law Claim
### Plaintiffs v. Defendant Officers
### *Malicious Prosecution*

55. All prior paragraphs are incorporated as though fully set forth herein.

56. Plaintiffs were damaged and injured as set forth above by the Defendant Officers in that they instituted criminal proceedings against Plaintiffs without probable cause and with malice and where such proceedings were terminated in favor of the Plaintiffs.

## COUNT IX

### 42 U.S.C. § 1983
### Plaintiffs v. Defendant Officers
### *Conspiracy*

57. All prior paragraphs are incorporated as though fully set forth herein.

58. Plaintiffs were damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiffs' constitutional rights while acting under color of law. More specifically, Defendant Officers, acting in concert and conspiracy, committed acts in violation of the Plaintiff's Constitutional Rights and against the laws of Pennsylvania. The Defendant Officers acted in conspiracy to violate the Plaintiff's Constitutional Rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of Plaintiff's harm.

## COUNT X

**Supplemental State Law Claim**
**Plaintiffs v. Defendant Officers**
*Conspiracy*

59. All prior paragraphs are incorporated as though fully set forth herein.

60. Defendant Officers acting in concert and conspiracy, committed acts against the laws of Pennsylvania. The Defendant Officers made statements among themselves and others in order to conceal their unlawful conduct.

## COUNT XI

**Supplemental State Law Claim**
**Plaintiffs v. Defendant Officers**
*Intentional Infliction of Emotional Distress*

61. All prior paragraphs are incorporated as though fully set forth herein.

62. Plaintiffs were damaged and injured as set forth above by Defendant Officers in that they intentionally and/or recklessly caused Plaintiffs severe emotional distress by their extreme and outrageous conduct.

## COUNT XII
42 U.S.C. § 1983
**Helen Reiber v. Defendant Officer Steven Fillipone**
*Inadequate Medical Care*

63. All prior paragraphs are incorporated as though fully set forth herein.

64. Plaintiff Reiber was damaged and injured as set forth above under 42 U.S.C. Section 1983 by Defendant Officer Fillipone in that he, as described in detail in preceding paragraphs, violated Plaintiff Reiber's constitutional rights while acting under color of law. More specifically, Defendant Officer, in failing to address Plaintiff's

immediate medical needs with a serious medical condition committed acts in violation of the Plaintiff's Constitutional Rights and against the laws of Pennsylvania. Such actions were the direct and proximate cause of Plaintiff's harm.

**COUNT XIII**
***Monell***

**42 U.S.C. § 1983**
**Plaintiffs v. Defendant City of Philadelphia**

65. All prior paragraphs are incorporated as though fully set forth herein.

66. Plaintiffs were damaged and injured as set forth above under 42 U.S.C. § 1983 by the City of Philadelphia. Prior to the date of the incident described fully herein, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

67. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

68. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal police activity, including but not limited to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment, and infliction of emotional distress.

69. It was the policy and/or custom of The City of Philadelphia to inadequately supervise and train its Police Officers, including the Defendant Officers, against a code of

silence or "blue code" of Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

70. As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

## COUNT XIV

### Supplemental State Law Claim
### Plaintiffs v. Defendant Penthouse Club

### 43 P.S. § 955 Claim of unlawful discriminatory practices

71. All prior paragraphs are incorporated as though fully set forth herein.

72. Plaintiffs were damaged and injured as set forth above under 43 P.S. Section 955 by Defendant Club, in that it, as described in preceding paragraphs, violated Plaintiff's rights in violation of the laws of Pennsylvania. More specifically, Defendant Penthouse Club denied Defendants public accommodation in removing them from the club on a basis of gender. Such actions were the direct and proximate cause of Plaintiff's harm.

## DAMAGES

73. All prior paragraphs are incorporated as though fully set forth herein.

74. As a result of the above actions and claims, the Plaintiff demands judgment against all defendants in the amount of all damages, including:

a. compensatory damages;

b. punitive damages;

c. interest;

d. injunctive relief;

e. such other relief as appears reasonable and just; and

f. reasonable attorney fees and costs under 42 U.S.C. § 1988.

_____
**Lloyd Long III, Esq.**
**KRASNER & LONG, LLC**
**Attorneys for Plaintiffs**
239 S. Camac St.
Philadelphia, PA 19107
(215) 731-9500 (p)
(215) 731-9908 (f)

Date: November 17, 2015