**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HELEN REIBER, *et al.*, | |
| *Plaintiffs*, | CIVIL ACTION |
| v. | NO. 15-06192 |
| P/O STEVEN FILIPONE, *et al.*, | |
| *Defendants*. | |

PAPPERT, J.                                                          June 20, 2016

## MEMORANDUM

Helen Reiber ("Reiber") and her daughter Heather Hughes ("Hughes") (collectively "Plaintiffs") sued Penthouse Club @ Philly ("Penthouse Club" or "Club"), the City of Philadelphia ("the City") and individual Philadelphia police officers after Plaintiffs were arrested following an alleged incident at the Club.  Plaintiffs contend, among other things, that Penthouse Club falsely accused them of theft.  The Club moves to dismiss Plaintiffs' complaint for failing to state a claim upon which relief can be granted.  The Court grants the motion.

## I.

Penthouse Club is a "Gentleman's Club" located at 3001 Castor Avenue in Philadelphia. (Pls.' Compl. ¶ 9, ECF No. 1.)  Plaintiffs went to Penthouse Club on the evening of November 17, 2013 after attending a Philadelphia Eagles game that day.  (*Id.* ¶ 9.)  While in the Club, they used cash to pay for two drinks and to tip dancers.  (*Id.* ¶¶ 10–11.)  Before finishing their drinks, Plaintiffs were approached by unidentified employees working as security guards and asked to leave "without explanation."  (*Id.* ¶ 12.)  They complied and left the Club.  (*Id.* ¶ 13.)

While outside, two police officers and several Club employees approached Plaintiffs, alleging that they had not paid for their drinks and accusing them of theft.  (*Id.* ¶ 13.)  The officers—later identified as Jose Perez and Steven Fillipone ("Officers")—arrested Plaintiffs for harassment pursuant to 18 Pa. Cons. Stat. Section 2709 and disorderly conduct pursuant to 18 Pa. Cons. Stat. Section 5503.  (*Id.* ¶¶ 14–15.)  The Officers allegedly did not tell Plaintiffs why they were being arrested and held them in custody overnight.  (*Id.* ¶¶ 16–17.)  The charges against Plaintiffs were later dismissed.  (*Id.* ¶ 34.)

On November 17, 2015 Plaintiffs filed a complaint against Penthouse Club, Penthouse John Does 1–25, the City, Officer Fillipone, Officer Perez and Officer John Does 1–25.  (Pls.' Compl. at 1.)  The complaint alleges claims against: (1) Penthouse Club for unlawful arrest pursuant to 42 U.S.C. Section 1983 and discriminatory practices and false imprisonment under state law; (2) the City under Section 1983 for municipal liability and unlawful arrest and state law for false imprisonment; (3) Officer Fillipone under Section 1983 for excessive force, assault, inadequate medical care, malicious prosecution, conspiracy and unlawful arrest and state law for assault, battery, malicious prosecution, conspiracy, intentional infliction of emotional distress and false imprisonment; (4) Officer Perez under Section 1983 for malicious prosecution, conspiracy and unlawful arrest and state law for malicious prosecution, conspiracy, intentional infliction of emotional distress and false imprisonment; and (5) unnamed officers under Section 1983 for malicious prosecution, conspiracy and unlawful arrest and state law for malicious prosecution, conspiracy, intentional infliction of emotional distress and false imprisonment.  (*Id.* ¶¶ 39–72.)

Penthouse Club filed a motion to dismiss all counts against it, arguing that Plaintiffs' Section 1983 unlawful arrest claim and state law false imprisonment and unlawful discriminatory

practices claims fail as a matter of law.  (Def.'s Mot. to Dismiss at 1, ECF No. 9-1.)  In their response to the motion, Plaintiffs concede the federal unlawful arrest claim but oppose dismissal of the state law claims.  (Pls.' Resp. to Def.'s Mot. to Dismiss ("Pls.' Resp.") at 4–6, ECF No. 14.)  Penthouse Club filed its reply to the response on June 3, 2016 (ECF No. 17) and the Court heard oral argument on the motion on June 13, 2016.  (ECF No. 19.)

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "mere possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The court must construe the complaint in the light most favorable to the plaintiff.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citations omitted).  A court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679 (citation omitted).

Under *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  *See Connelly*, 809 F.3d at 787.  First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim."  *Id.* (quoting *Iqbal*, 556 U.S. at 675).  Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, "[w]hen there are well-

pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### III.

Pursuant to 28 U.S.C. Section 1367(c), the Court has the discretion to decline to exercise supplemental jurisdiction over state law claims once it has dismissed all claims over which it has original jurisdiction. Since Plaintiffs withdrew their only federal claim in response to Penthouse Club's motion, the Court must decide whether to decline supplemental jurisdiction or address Plaintiffs' state law claims on the merits. Here, considerations of "judicial economy, convenience, and fairness to the parties provide an affirmative justification" for the Court to maintain jurisdiction. *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 760, 788 (3d Cir. 1995)).

### A.

The elements of false imprisonment under Pennsylvania law are: (1) the detention of another person and (2) the unlawfulness of such detention. *See Cooper v. Muldoon*, No. 05-cv-4780, 2006 WL 1117870, at *3 (E.D. Pa. Apr. 26, 2010); *see also Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). Plaintiffs' complaint does not allege that the Club confined them. To the contrary, the complaint states that Penthouse Club employees asked Plaintiffs to leave the Club and that they complied with this request. (Pls.' Compl. ¶¶ 12–13.) Plaintiffs instead contend that the Club, a private entity, falsely imprisoned them when it gave police "false information" that they committed theft. (Pls.' Compl., ¶¶ 13, 50–52.) This allegedly "caused a chain of events resulting in Plaintiffs' arrests." (Pls.' Resp. at 5.)

A private individual or entity "can be held liable for false arrest and/or false imprisonment, where he knowingly provides false information to authorities and where the arrest

and/or imprisonment *results from this information*," *i.e.*, where the information relates to the charges filed. *Perry v. Redner's Mkt., Inc.*, No. 09-cv-5645, 2010 WL 2572651, at *4 (E.D. Pa. June 21, 2010) (emphasis added) (citing *Doby v. Decrescenzo*, No. 94-cv-3991, 1996 WL 510095, at *13 (E.D. Pa. Sept. 9, 1996); *Gilbert v. Feld*, 788 F. Supp. 854, 862 (E.D. Pa. 1992)). The *Perry*, *Doby* and *Gilbert* decisions rely on the Pennsylvania Commonwealth Court's reasoning in *Hess v. County of Lancaster*, 514 A.2d 681 (Pa. Commw. Ct. 1986). In *Hess*, the court held that a private citizen who knowingly provides false information to law enforcement may be held liable for malicious prosecution because such an action "prevent[s] the police officer from adequately exercising independent judgment as to whether criminal charges should be instituted." *Doby*, 1996 WL 510095, at *13 (citing *Hess*, 514 A.2d at 683). *Perry*, *Doby* and *Gilbert* extended this rationale to allow for false arrest and imprisonment claims under such circumstances. *See Perry*, 2010 WL 2572651, at *4; *Doby*, 1996 WL 510095, at *12–13; *Gilbert*, 788 F. Supp. at 862.

Plaintiffs' theory of liability is too attenuated. In the cases allowing false arrest and imprisonment claims based on the provision of allegedly false information to police, the charges or actions taken by the police were directly related to the allegedly false information. *See Perry*, WL 2572651, at *1 (falsely informing police that the plaintiff was the person in surveillance camera pictures led police to wrongly arrest and charge the plaintiff with crimes committed by the person in the pictures); *Doby*, 1996 WL 510095, at *3–4 (filling out a form with facts constituting reasonable grounds to institute the plaintiff's involuntary commitment while excluding facts indicating that she was "fine" caused police officers to take her from home and bring her to the hospital).

Plaintiffs fail to allege any facts that show their imprisonment resulted from false information provided by Penthouse Club.  While Plaintiffs assert that club employees accused them of theft, they do not provide any facts to support a claim that this information *resulted* in their arrest.  In fact, Plaintiffs were not charged with theft.  They were, as the complaint alleges, arrested on charges of harassment and disorderly conduct.  (Pls.' Compl. ¶¶ 14–15.)  Their false imprisonment claim necessarily fails.

### B.

Plaintiffs also allege that Penthouse Club engaged in unlawful discriminatory practices in violation of 43 Pa. Cons. Stat. Section 955 by "removing them from the Club on a basis of gender."  (*Id.* ¶ 72.)  Any such claim needed to be filed within one hundred eighty days after the alleged act of discrimination, unless otherwise required by the Fair Housing Act.  43 Pa. Cons. Stat. § 959(h).  The claim here was brought two years after the alleged act of discrimination and is well past the statutory time limit, which Plaintiffs' counsel acknowledged at oral argument.  (Oral Arg. 28:2–17, ECF No. 20.)

### IV.

District courts must permit a curative amendment to dismissed complaints under Rule 12(b)(6), unless such amendment would be inequitable or futile.  *See Alston v. Parker*, 363 F.2d 229, 235 (3d Cir. 2004).  "Futility" means the amended complaint would fail to state a claim upon which relief can be granted.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  At oral argument, Plaintiffs' counsel requested leave to amend.  (Oral Arg. 24:25–25:2.)  Any proposed amendment of the remaining counts against Penthouse Club would be futile.  *See Gadling-Cole v. West Chester Univ.*, 868 F. Supp. 2d 390, 401 (E.D. Pa. 2012).  Plaintiffs are unable to cure the defects

in their false imprisonment claim inasmuch as their arrest for harassment and disorderly conduct did not result from Penthouse Club's purportedly false allegations of theft.  Plaintiffs are similarly unable to cure the fact that they are well past the statutory time period to file a claim for unlawful discriminatory practices under state law.  Any amendment would therefore be futile and the claims against Penthouse are dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.